UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:04-CR-170 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| DACIEN FURR | ) | |

# **M E M O R A N D U M  &  O R D E R**

Defendant Dacien Furr ("Defendant") filed a motion to suppress (Court File No. 30) which was referred to United States Magistrate Judge William B. Carter to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On May 25, 2005, the magistrate judge filed a report and recommendation that Defendant's motion be denied (Court File No. 53).

Defendant filed an objection to the magistrate's finding Deputy Keith Fretwell ("Fretwell") had a reasonable basis to believe there was a fair probability of finding narcotics if he unzipped Defendant's backpack, essentially objecting to the magistrate's finding Fretwell's testimony was credible (Court File Nos. 54, 55).

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

The basis for Defendant's objection, the magistrate's credibility determination as to Fretwell's testimony about the circumstances leading to the search of the backpack, was raised by

Defendant at the suppression hearing and in supplemental briefing after that hearing (Court File No. 51, pp. 4-5), and was addressed by the magistrate in the report and recommendation (Court File No. 53, pp. 6-7). After carefully reviewing the evidence presented at the suppression hearing, the Court agrees with the magistrate's credibility determination regarding Fretwell.

The Court also finds the magistrate's probable cause analysis is supported by both the law and the weight of the evidence, including his determination Fretwell had probable cause to search the vehicle and its contents, particulalry the backpack inside the trunk of the vehicle, believing illegal narcotics were concealed inside the vehicle (*see id*. p. 6). *United States v. Ross*, 456 U.S. 798, 102 S. Ct. 2157 (1982). The fact that this backpack was locked is of no import to this analysis. *See id.* at 822, 102 S. Ct. at 2171.[1]

Therefore, the Court **ACCEPTS** and **ADOPTS** the magistrate's determination regarding the search of Defendant's backpack, and Defendant's motion to suppress the evidence that search produced is hereby **DENIED**.

**SO ORDERED.**

**ENTER:**

                                                  **/s/**

---

[1] "This rule [that a proper warrantless search of a vehicle may include a search of every part of the vehicle that might contain the object of the search, including containers] applies equally to all containers, as indeed we believe it must. One point on which the Court was in virtually unanimous agreement in *Robbins* [*v. California*, 453 U.S. 420, 101 S. Ct. 2841 (1981)] was that a constitutional distinction between 'worthy' and 'unworthy' containers would be improper. Even though such a distinction perhaps could evolve in a series of cases in which paper bags, locked trunks, lunch buckets, and orange crates were placed on one side of the line or the other, the central purpose of the Fourth Amendment forecloses such a distinction. For just as the most frail cottage in the kingdom is absolutely entitled to the same guarantees of privacy as the most majestic mansion, so also may a traveler who carries a toothbrush and a few articles of clothing in a paper bag or knotted scarf claim an equal right to conceal his possessions from official inspection as the sophisticated executive with the locked attache case." *Id.*

**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**

Case 1:04-cr-00170   Document 61   Filed 07/01/05   Page 3 of 3   PageID #: 38