UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:04-CR-170 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| | ) | |
| DACIEN FURR, | ) | |
| | ) | |
| Defendant. | ) | |

## **M E M O R A N D U M  &  O R D E R**

Defendant Dacien Furr ("Defendant") has filed a Motion to Sever or for Relief from Prejudicial Joinder Pursuant to Rule 14 (Court File No. 32). Defendant also submitted a memorandum in support of this motion (Court File No. 33). The Government has responded in opposition to this motion (Court File No. 58). After considering the parties' briefs on this issue, the Court hereby **DENIES** Defendant's motion to sever or for other relief from prejudicial joinder pursuant to Rule 14 (Court File No. 32).

**I.      DISCUSSION**

Defendant and codefendant Marcus Foster ("Foster") are charged together in the superseding indictment with (1) conspiracy to violate 21 U.S.C. § 841(a)(1) and (b)(1)(A), possession with the intent to distribute in excess of five kilograms of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 846; and (2) possession with the intent to distribute in excess of 500 grams of a mixture and substance containing cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Court File No. 37). Both defendants are scheduled to go to trial

together on August 22, 2005.

The Federal Rules of Criminal Procedure permit the Government to indict defendants together, and there is a preference for joint trials of defendants who are indicted together. *Zafiro v. United States*, 506 U.S. 534, 537, 113 S. Ct. 933, 937, 122 L. Ed. 2d 317 (1993); *United States v. Cobleigh*, 75 F.3d 242, 247 (6th Cir. 1996). There is a strong policy presumption in favor of joint trials for codefendants when criminal charges result from the same acts and will be proved by the same evidence. *United States v. Critton*, 43 F.3d 1089, 1098 (6th Cir. 1995); *United States v. Moore*, 917 F.2d 215, 220 (6th Cir. 1990). This is particularly true when the defendants are charged with joint participation in a common scheme or conspiracy. *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993).

A severance of trials will be granted only if there is a serious risk that a joint trial would compromise a specific trial right of a defendant or prevent the jury from making a reliable judgment about a defendant's guilt or innocence. *Zafiro*, 506 U.S. at 539, 113 S. Ct. at 938; *Cobleigh*, 75 F.3d at 248; *United States v. Bond*, 22 F.3d 662, 666 (6th Cir. 1994). The risk of prejudice varies with the particular facts and circumstances in each case. In *Zafiro*, the United States Supreme Court recognized that evidence probative of one defendant's guilt but technically admissible into evidence only against a codefendant might present a serious risk of prejudice. 506 U.S. at 539, 113 S. Ct. at 938. Conversely, the *Zafiro* Court held a defendant might suffer undue prejudice if essential exculpatory evidence, which would otherwise be available to the defendant if tried alone, were unavailable to the defendant in a joint trial. *Id.* When the risk of prejudice is high, a district court is more likely to determine separate trials are necessary, but less drastic measures, such as limiting instructions to the jury, often will sufficiently cure the risk of prejudice. *Id.* Therefore, Defendant

2

bears a heavy burden of showing he will suffer specific and compelling prejudice if there is no severance. *Cobleigh*, 75 F.3d at 248; *United States v. Lloyd*, 10 F.3d 1197, 1215-16 (6th Cir. 1993).

Defendant bases his motion on several grounds.[1] First, he anticipates the Government may introduce recordings of statements made by Foster during telephone calls Foster made from the Bradley County Jail to various individuals (Court File No. 32). Defendant states these conversations do not involve him and are not admissible against him, and are therefore prejudicial. Defendant gives no indication of what may be contained in these recordings that would be prejudicial against him. However, Defendant does argue if these recordings are introduced during a joint trial with Foster, "there is a danger there will be a prejudicial spill-over effect as to the Defendant" (*Id.* at ¶ 1). The Court finds a mere allegation of prejudice from evidence admissible against Foster but not against Defendant is not sufficient to merit severance under the guidance of *Zafiro*. 506 U.S. at 539, 113 S. Ct. at 938.

Defendant next states if he is tried with Foster, he would be "required to relinquish unfettered control of the defense of the charges as counsel representing [Foster] will, through trial strategy, cross-examination, and presentation of evidence, deprive [Defendant] of control of his defense, the efficacy of his trial strategy, cross-examination and presentation of evidence, thus depriving [Defendant] of due process of law" (*Id.* at ¶ 2). This assertion alone, without any supporting reasons why his defense strategy is in conflict with Foster's, is insufficient to show prejudice warranting severance, particularly since this proposition will be generally true in any case where defendants are

---

[1] The Court would note Defendant's memorandum in support of his motion is of only limited use to the Court in deciding this motion, since in that memorandum Defendant essentially quoted the Notes of the Advisory Committee on the Federal Rules of Criminal Procedure on Rule 14 (1966 Amendment) without any analysis (See Court File No. 33).

3

tried jointly.

Finally, Defendant states "[a] Defendant should be able to obtain a severance if a co-defendant has mutually inconsistent defenses which may lead one attorney to suggest to the jury that they infer guilt from co-defendant's silence." In support, Defendant cites a 1962 case from the United States Court of Appeals for the Fifth Circuit in which one defendant testified, placing all the blame for possession of narcotics on a codefendant who declined to testify (*Id*. at ¶ 3). However, Defendant does not assert what defense he may present that would be inconsistent with any defense Foster may present. Again, this bare statement of what could possibly happen during a joint trial does not demonstrate the type of prejudice required for the Court to sever an otherwise proper joint trial. *See Zafiro*, 506 U.S. at 539, 113 S. Ct. at 938.

## II. CONCLUSION

While Defendant may have pointed out several instances in which severance of codefendants' trials would be appropriate, he has given the Court no indication any of these instances actually apply here to justify severing his trial from that of Foster. Therefore, because Defendant has not met the heavy burden of showing he will suffer specific and compelling prejudice if there is no severance, *see Cobleigh*, 75 F.3d at 248; *Lloyd*, 10 F.3d at 1215-16, the Court hereby **DENIES** his Motion to Sever or for Relief from Prejudicial Joinder Pursuant to Rule 14 (Court File No. 32)

**SO ORDERED.**

**ENTER:**


Case 1:04-cr-00170   Document 63   Filed 08/01/05   Page 4 of 5   PageID #: 42

                                                                **/s/**
                                        **CURTIS L. COLLIER**
                              **UNITED STATES DISTRICT JUDGE**